**KIVALINA RELOCATION PLANNING COMMITTEE, Plaintiff—Appellee,**

**Northwest Arctic Borough, Defendant–Intervenor—Appellant,**

v.

**TECK COMINCO ALASKA INCORPORATED, Defendant.**

**No. 03–35216.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 17, 2003.

Luke W. Cole, San Francisco, CA, Thomas A. Dosik, Anchorage, AK, for Plaintiff–Appellee.

Thane Walker Tienson, Esq., Landye, Bennett, Blumstein, Portland, OR, David S. Case, Cynthia M. Cooper, Landye, Bennett, Blumstein, LLP, Anchorage, AK, for Defendant–Intervenor–Appellant.

Robert J. Mahoney, Esq., Hartig, Rhodes, Norman, Mahoney & Edwards, Anchorage, AK, for Defendant.

Before: WARDLAW, GOULD, and PAEZ, Circuit Judges.

MEMORANDUM *

Northwest Arctic Borough ("NAB") appeals the district court's denial of its motions to intervene and for reconsideration in a Clean Water Act ("CWA") suit brought by Kivalina Relocation Planning Committee ("KRPC") against Teck Cominco Alaska, Inc. ("Teck"). Teck operates the Red Dog Mine and is under contract to

---

pay NAB approximately $5.5 million per year in lieu of taxes. KRPC's underlying complaint seeks declaratory and injunctive relief against Teck, alleging that the mine operator permits an unlawful release of chemicals into the Middle Fork Red Dog Creek and Chukchi Sea, thereby negatively affecting the natural resources in and around the Village of Kivalina. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

Because NAB meets each prong of the test for intervention as of right, *see Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir.1996), it may intervene in KRPC's action against Teck. NAB's right to intervene, however, is limited to the remedial phase of the litigation because the interests that it asserts are primarily contractual. *See Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1496 (9th Cir.1995) (limiting intervention to remedial phase, though proposed intervenor asserted both contractual and environmental interests). We therefore REVERSE and REMAND with instructions that NAB be permitted to intervene in the remedial phase of this litigation.[1]

---

1. Because NAB did not abandon its appeal of the district court's denial of its Motion for Reconsideration, we deny KRPC's Motion to Strike Record Excerpts.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.